IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN SAMPLE and PAMELA WILDER,<br><br>        Plaintiffs,<br>  v.<br><br>LEGACY HEALTH,<br><br>        Defendant. | Case No.: 3:23-cv-01554-AR<br><br>ORDER |

**Adrienne Nelson, District Judge**

       United States Magistrate Judge Jeff Armistead issued a Findings and Recommendation ("F&R") in this case on November 27, 2024, in which he recommended granting defendant Legacy Health's motion to dismiss and dismissing plaintiffs Ryan Sample ("Sample") and Pamela Wilder's ("Wilder") claims without prejudice. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

       A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report[.]" *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

       Plaintiffs, former employees of defendants, sought and were denied religious exemptions

1

from a COVID-19 vaccination policy in 2021, and defendant subsequently terminated their employment. Sample was an "Implant Coordinator/Certified Central Sterile Technician" at Legacy Meridian Park Medical Center who sought an exemption based on "his strongly held spiritual beliefs." Compl., ECF [1], ¶¶ 6-7. Wilder was a "Greeter/Patient Access Representative" at Legacy Meridian Park Hospital who sought an exemption based on "her strongly held Christian religious beliefs." *Id.* ¶¶ 8-9. Wilder "engaged in significant soul searching and prayer regarding the vaccines and consulted with her pastor regarding the vaccine and concluded that it was inapposite her [*sic*] faith to take the vaccine." *Id.* ¶ 9. Plaintiffs allege unlawful religious discrimination in violation of Oregon Revised Statutes § 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Defendant moved to dismiss plaintiffs' claims, arguing that they failed to state a claim upon which relief could be granted. *See* Mot. to Dismiss, ECF [4].

Judge Armistead found that plaintiffs had not pleaded that any espoused religious belief or practice conflicted with defendant's vaccine requirement and recommended that their claims be dismissed without prejudice. F&R, ECF [17], at 8-9. Plaintiffs timely filed objections to the F&R. *See* Pls. Objs., ECF [19]. Plaintiffs do not challenge any particular aspect of the F&R. Instead, they cite three out-of-circuit decisions for the proposition that the Ninth Circuit will, in the future, adopt "a jurisprudential shift toward embracing greater religious liberty, rather than constraining it": *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024); *Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251 (10th Cir. 2024); and *Rainey v. Westminster Pub. Sch.*, No. 22-cv-03166-RMR-KAS, 2024 WL 3329048 (D. Colo. July 7, 2024), *report and recommendation adopted*, No. 22-cv-03166-RMR-KAS, 2024 WL 4437858 (D. Colo. Sept. 26, 2024). *Id.* at 3.

To begin with, the Court is not bound by out-of-circuit law. The Court is bound by Ninth Circuit caselaw, as set out by Judge Armistead in the F&R. Nor is the Court in the business of predicting the jurisprudential direction of the Ninth Circuit at some point in the future; it is bound by the law as it exists now. In addition, the cases cited by plaintiffs are factually distinguishable. In *Ringhofer*, as relevant to this action, the Eighth Circuit reversed a dismissal based on a failure to adequately plead a *bona fide* religious belief that conflicts with an employment requirement where the plaintiffs specifically alleged

2

religious opposition to injecting their bodies with "impure or unknown substances" and to the use of vaccines based on anti-abortion beliefs.  102 F.4th at 901.  *Does 1-11* dealt with a First Amendment challenge to a university vaccination policy and a motion to enjoin that policy.  100 F.4th at 1256-57.  In *Rainey*, as relevant to this action, the court found that the plaintiffs had adequately stated a *bona fide* religious belief that conflicted with an employment requirement where the plaintiffs plead that their religious anti-abortion beliefs prohibited the use of vaccines that use "abortion-derived cells" and that vaccination violates their religious precepts "because God will protect them from illness." *Rainey*, 2024 WL 3329048, at *10 (internal quotation marks and citation omitted).  These decisions are not on point or factually analogous, are not binding on the Court, and do not alter the Court's finding that Judge Armistead has accurately stated the relevant law and its application to plaintiffs' allegations.

Accordingly, the Court ADOPTS Judge Armistead's Findings and Recommendation, ECF [17].  Defendant Legacy Health's Motion to Dismiss, ECF [4], is GRANTED.  Any motion to amend the complaint must conform with this Order and must be filed within fourteen days of this Order.

IT IS SO ORDERED.

DATED this 18th day of March, 2025.

_____
Adrienne Nelson
United States District Judge